IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHEAL ATTAWAY, #Y55493, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 24-cv-01079-SMY |
| ) | |
| BRITTANY BRACKEN, and ) | |
| JOHN DOE (Shawnee CC), ) | |
| ) | |
| Defendants. ) | |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

This matter is before the Court on Plaintiff Micheal Attaway's *pro se* Motion to Vacate Judgment (Doc. 14), Motion for Leave to File a Late Amended Complaint (Doc. 15), and Motion for Change of Venue (Doc. 16).

On October 17, 2024, the Court reviewed Plaintiff's Complaint (Doc. 1)[1] pursuant to 28 U.S.C. § 1915A and struck the Complaint because it improperly joined two unrelated claims against different defendants in the same action: (1) A First Amendment claim against John Doe for barring Plaintiff from church services on October 11, 2023 and thereafter; and (2) a Fourteenth Amendment claim against Brittany Bracken for a February 9, 2024 disciplinary ticket (Doc. 11). *See* FED. R. CIV. P. 20(a)(2). Plaintiff was instructed to file a First Amended Complaint within 30 days if he wished to proceed on **ONE** of these claims in this case, was told that he should file a separate lawsuit to pursue his unrelated claim(s), and was warned that if he failed to timely file his First Amended Complaint or if it did not comply with the Court's instructions, the case would be dismissed with prejudice. (Doc. 11, p. 4). On December 2, 2024, two weeks after the expiration

---

[1] Plaintiff filed this case while he was incarcerated in the Illinois Department of Corrections (Doc. 1, filed April 12, 2024). He was released from custody in June 2024 (Doc. 7).

1

of Plaintiff's deadline, the case was dismissed when Plaintiff failed to file an amended complaint, seek an extension, or otherwise communicate with the Court. (Docs. 12, 13).

Plaintiff's motion to vacate judgment invokes Federal Rule of Civil Procedure 60(b)(1). He asserts that his failure to timely file an amended complaint amounted to excusable neglect and inadvertence "due to circumstances beyond his control, including difficulty accessing legal resources." (Doc. 14, p. 1). He claims his delay was not intentional and he has now "prepared a valid amended complaint addressing the deficiencies noted by the Court." *Id.*

Relief under Rule 60(b) is an "extraordinary remedy" granted only in "exceptional circumstances." *Bakery Mach. & Fabrication, Inc. v. Traditional Baking, Inc.*, 570 F.3d 845, 848 (7th Cir. 2009), *cert. denied*, 558 U.S. 1147 (2010). No exceptional circumstances are apparent here. To prepare his amended complaint, Plaintiff needed only to choose one of the two claims to re-plead. He was not required to conduct legal research or "access legal resources" to set forth the facts supporting his claims, which were known only to him.

Moreover, Plaintiff's assertion that he has now prepared an amended complaint that addresses the deficiencies in his original pleading is incorrect. He tendered a proposed First Amended Complaint along with the motion for leave to file (Docs. 15, 15-1). The proposed pleading still contains the improperly joined claims that caused the dismissal of the original Complaint. Thus, the proposed amended complaint is subject to being stricken for the same reasons that led the Court to strike the original Complaint. *See Dorsey v. Varga*, 55 F.4th 1094, 1107 (7th Cir. 2022).

For these reasons, the Motion to Vacate Judgment (Doc. 14) pursuant to Rule 60(b) is **DENIED**. This case will remain dismissed with prejudice. The Motion for Leave to file a Late Amended Complaint (Doc. 15) and Motion to Change Venue (Doc. 16) are also **DENIED**.

One final matter warrants comment. Plaintiff failed to update his U.S. Mail address in this case when he filed his motions. As Plaintiff was previously advised (Doc. 3), he is required to notify the Clerk of his new address within 14 days of any change. A separate notice must be filed in each of his cases.

**IT IS SO ORDERED.**

**DATED: June 16, 2025**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**